**STATE of Oklahoma ex rel. Sidney D. WISE, District Attorney, 12th Judicial District, Oklahoma, Petitioner,**

v.

**Honorable Jess B. CLANTON, Jr., Special District Judge, 12th Judicial District, Respondent,**

**Lynn Shrum and Karen Davis, Intervenors.**

**No. P–77–34.**

Court of Criminal Appeals of Oklahoma.

Feb. 9, 1977.

Sidney D. Wise, Dist. Atty., David K. Robertson, Asst. Dist. Atty., for petitioner.

Gary J. Dean, of Lyons, Dean & Lollman, Pryor, for respondent and for intervenors Lynn Shrum and Karen Davis.

David W. Kisner, for amicus curiae Oklahoma Trial Lawyers Association.

The Court, having fully considered the complete record herein, including Partial Transcript of Testimony taken during preliminary hearing in said Case No. CRF–76–276, styled *State of Oklahoma v. Lynn Shrum and Karen Davis, Defendants,* in which they are charged by Information with the crime of Unlawful Delivery of Marihuana, allegedly committed in said County on or about December 3, 1976, the Briefs filed by the parties and their respective statements and arguments, finds:

That the Demurrer and Motion to Dismiss filed herein by the defendants and Intervenors should be overruled.

The Court further finds that on the nights of December 3rd and 4th, 1976, drug raids were made in a three county area, Rogers, Craig and Mayes, in which the said Sidney D. Wise was and is District Attorney; that approximately fifty (50) arrests were made, half or more in Mayes County, two (2) of whom were said defendants, later charged in Case No. CRF–76–276.

An undercover agent, Dennis Dill, who was originally employed in July, 1976, to work in said three county area, participated in said raids and was called by the State of Oklahoma as its complaining witness at said preliminary hearing held before the Respondent as an examining Magistrate on January 11, 1977; the examination of Dill revealed that he was paid a monthly salary, travel and related expenses by local law enforcement agencies with monies furnished by Drug Awareness, Inc., a non-profit corporation organized and existing under the laws of the State of Oklahoma; its Certificate of Incorporation was issued January 18, 1971, founded upon Articles of Incorporation showing its original Directors and First Board of Directors to be four (4) named individuals living in and residents of Pryor, Mayes County, Oklahoma, and the said Gary J. Dean, Pryor, Oklahoma, as its

Registered Agent. The duration of the corporation is ten (10) years. That said instruments of incorporation are matters of public record in the Office of the Secretary of State. The Court further finds from statements made to the Court that although the said Gary J. Dean as an attorney, assisted in the formal formation of the corporation and was named as its Service Agent, he had no further connection or identity with the corporation thereafter and to the present time.

In substance the purposes for which the corporation was formed were: To conduct educational programs in the area of drug abuse, crime and juvenile delinquency and related fields; to fight drug abuse and cooperate with and assist law enforcement agencies; to provide funds and equipment for law enforcement officers for the investigation of drug and juvenile problems; and to do all things necessary in furtherance of said purposes.

The Court further finds that any monies paid by Drug Awareness, Inc., for the salary and expenses of the said Dennie Dill were handled as follows: It purchased a Cashier's Check from a local Bank in Pryor, made payable to the Sheriff of Mayes County in the necessary amount, who in turn cashed the check and paid Dill in cash.

The Court further finds that during the said preliminary hearing and after the State had rested, the two (2) defendants, represented by the said Gary J. Dean, called the said Sidney D. Wise as a witness and after preliminary questions, the following were asked by Mr. Dean and answered by Mr. Wise, to-wit:

"Q. During the period of time of Mr. Dill's employment within this County his salary and expenses were paid by an Oklahoma Corporation named Drug Awareness, Inc.

A. That's my understanding.

Q. All right, sir. Mr. Wise, are you an officer or director of Drug Awareness, Inc.?

A. No, I am not.

Q. All right, sir. Who are the officers of Drug Awareness, Inc.?

Objection by Mr. Robertson. (Ruling reserved)

Q. Mr. Wise, do you know who the officers and directors of the association are?

A. At the present time, no. I do not know the present board. I may know some of the members of the Board but I would not be able to tell you all the names of the Board because I'm sure there has been some changes.

Q. Changes within what period of time, sir?

A. The last time I was fully aware of the Board's identity would have been about July. Sometime around July.

Q. All right, sir. Do you know the identity of the Board Members at that time?

A. Yes.

.      .      .      .      .

Q. Do you know who the officers of the organization were at that time, Mr. Wise?

A. I know that you are the Service Agent, but I don't know who the officers would be.

Q. So you're aware of the Board at that time.

A. That's right.

AFTER RECESS:

THE COURT: Objection overruled. Witness may answer."

At this juncture, the Magistrate, at the request of the Petitioner herein (The State), stayed the proceeding to permit the Petitioner to institute in this Court the instant case.

Petitioner seeks herein a Writ of Prohibition, prohibiting and restraining the Respondent as Magistrate, from ordering and enforcing the witness Wise to answer the question or similar questions as to who the officers and directors of said corporation are or were.

■ The Court finds from the record herein that the witness Wise does not now

know the identity of the officers or directors of Drug Awareness, Inc.; that he last knew of their identity in July, 1976, six months prior to the date of the alleged crime charged against the defendants in said case No. CRF–76–276. There is no showing by the defendants at this time that such information is material to the defense. But assuming that it is, any information Wise has is by hearsay and certainly not the best evidence and therefore incompetent. The best evidence must come from the records of the corporation and from the present directors and officers themselves. The best evidence has not been explored. Certainly some or all of the original incorporators and directors, residents of Pryor, are subject to subpoena by the defendants, to ascertain if they continue to act or if not the identity of their successors, as well as local bank records in reference to the identity of the purchaser or purchasers of the Cashier's Checks by Drug Awareness, Inc.

It is true the defendants have every right to cross-examine the witness Dill in reference to his salary and expenses and any other monies paid him and by whom he is paid and for what purpose and to explore the possibility if he is to receive further compensation if the defendants are convicted, which he denies, and to establish, as indicated by the defendants, that he is a "bounty hunter." The defendants have the right *to subpoena and have testify any person who can testify in this regard in an effort to impeach Dill,* but it is pure speculation to seek the identity of the directors or officers from the witness Wise, whose information is hearsay.

Plainly, the Respondent as Magistrate is in error in his ruling. It is urged by Respondent and others that Petitioner's remedy is by appeal and that Prohibition is not his remedy and should be denied. Generally, such assertion is correct.

But here witness Wise is ordered and directed to answer an incompetent question and if answered, appeal, though favorable, is an inadequate and needless procedure. If he refuses to answer, the witness stands confronted with contempt.

And it appears that this same situation will arise in several other pending and like cases in the 12th Judicial District.

In the early case of *Evans v. Willis,* 22 Okl. 310, 97 P. 1047 (Okl.) the rule has been stated as follows:

> "Such extraordinary writ (Prohibition) will not be awarded when the ordinary and usual remedies provided by law, such as appeal . . . are available. (case cited)
>
> There is no general rule by which the adequacy or inadequacy of a remedy can be ascertained, but the question is one to be determined upon the facts of each particular case. . . . but (the writ) will be granted where the remedy available is insufficient to prevent immediate injury or hardship to the party complaining, particularly in criminal cases."

We do not feel that the remedy of appeal in the instant case and the others likely to follow is an adequate and effective remedy. And we believe the Respondent as a Magistrate, although he has proper jurisdiction, is exercising an unauthorized application of judicial force and further justifies or requires the writ to issue. *State v. Sullivan,* 86 Okl.Cr. 364, 193 P.2d 594.

Accordingly, this Court assumes and will exercise original jurisdiction herein.

The Writ of Prohibition will issue, ordering and directing the Respondent to refrain and desist from directing and compelling the questions, as stated above, in said preliminary hearing and others of like import, if any, in the instant cases and like cases.

IT IS SO ORDERED.

    HEZ J. BUSSEY, P. J.

    C. F. BLISS, JR., J.

    TOM BRETT, J.