Lawrence William DEAN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–82–588.

Court of Criminal Appeals of Oklahoma.

Oct. 17, 1983.

Mark Barnett, Sp. Counsel, Norman, for appellant.

Michael C. Turpen, Atty. Gen. of Okl., Robert W. Cole, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

From his conviction in Comanche County District Court Case No. CRF–81–677, for Knowingly Concealing and Withholding Stolen Property, After Former Conviction of Two Felonies, wherein he was sentenced to thirty (30) years' imprisonment, the appellant, Lawrence William Dean, appeals.

Evidence introduced at trial shows that on October 12, 1981, a man, later positively identified by two witnesses as the appellant, was seen leaving the Lawton, Oklahoma apartment owned by Yin Vang, with a tape recorder under his arm. Suspicious, one of Vang's neighbors, Debra Reliford, summoned the investigating officer, Roy Deck, and gave him a description of the man. Another witness, Raymond Mitchell, gave the officer similar information before leaving for a nearby store. As he walked down the street, he spotted the appellant attempting to pawn the tape recorder at Buck's Pawn Shop. Mitchell contacted Officer Deck, who arrived at the scene and arrested Dean as he left the pawn shop.

█ In his first assignment of error, the appellant contends that the trial court erred in allowing the State to introduce evidence which implicated him in the burglary of Yin Vang's apartment on the same day that he knowingly concealed stolen property. We do not agree.

The appellant cites the general rule that evidence of other crimes, wholly independent of the offense charged, is irrelevant and inadmissible. However, this Court has repeatedly held:

*Evidence is admissible that tends to prove the defendant guilty of the offense charged even though it may tend to prove a different offense, when both offenses are so closely related or connected as to form a part of the res gestae. Miles v. State, 554 P.2d 1200 (Okl.Cr.1976), and cases cited therein. (Emphasis added).*

The burglary complained of was the very thing which aroused suspicion and prompted Ms. Reliford to call the police. We are of the opinion that the complained of evidence was clearly admissible as showing an entire transaction, the sequences of which tended to throw light on the subsequent commission of the crime for which the defendant is charged.

Further, we find that any prejudice which may have resulted from the introduction of the evidence was properly cured by the trial court's extensive admonishment and instruction of the jurors, limiting their consideration of the evidence to the crime for which he was presently charged. This assignment of error is without merit.

█ In his second assignment of error, the appellant asserts that the trial court improperly admitted the preliminary hearing testimony of the investigating officer, Roy Deck, at trial because the State failed to prove that the officer would be unavailable to testify at trial. We do not agree.

From our examination of the record we find that, under the circumstances; the State sufficiently complied with the requirements set forth in *Lamb v. State,* 560 P.2d 583 (Okl.Cr.1977), and *Smith v. State,* 546 P.2d 267 (Okl.Cr.1976). The prosecutor not only subpoenaed Officer Deck through standard procedures four weeks before trial, but also, upon discovering Deck had resigned from the police force and disappeared from sight, attempted to contact him through his supervisors and friends at the Lawton Police Department. The record further reveals that Deck's testimony was taken by a court reporter in the presence of the appellant and his attorney, who con-

ducted an effective cross-examination, and was later filed with the court clerk.

Accordingly, we cannot say that the trial court abused its discretion by admitting Officer Deck's preliminary hearing testimony at trial. Nor can we say, given the need for judicial economy and a speedy disposition of cases, that the court abused its discretion in refusing to allow a continuance until such time as the witness' presence could have been secured. This assignment of error is without merit.

 In his final assignment of error, the appellant asserts that the trial court committed prejudicial error by allowing the State to present evidence of at least one other prior conviction besides the two with which he was charged. Specifically, he claims that portions of the two judgments and sentences in Oklahoma County Case Nos. CRF–71–412 and CRF–71–1767, which stated "after former conviction of a felony" on their face should not have been admitted.

First, we note that the appellant has not properly preserved this assignment of error for review on appeal, as it did not appear in his motion for new trial. *Hawkins v. State,* 569 P.2d 490 (Okl.Cr.1977). Secondly, even if he had properly preserved it, we find that the use of the judgments and sentences was not improper. 21 O.S.1981, § 51 provides in part:

> Every person who, having been convicted of *any offense* punishable by imprisonment in the penitentiary, commits any crime after such conviction is punishable therefor as follows: .... (emphasis added).

The sentence given by the jury was well within statutory boundaries and well supported by the evidence. We are of the opinion that the fact that both prior felony convictions reflected upon their face that they were after former conviction does not evidence prejudicial error which would justify modification in this instance. This assignment of error is without merit.

For the above and foregoing reasons, the judgment and sentence appealed from is AFFIRMED.

CORNISH and BRETT, JJ., concur.