2011 OK 80

**Deborah Ann LEFTWICH, Petitioner,**

v.

**The COURT OF CRIMINAL APPEALS OF the STATE of Oklahoma, Respondent,**

and

**State of Oklahoma, Real Party In Interest,**

and

**Oklahoma State Senate and Brian Bingman, Senate President Pro Tempore, Amicus Curiae.**

No. 109,609.

Supreme Court of Oklahoma.

Sept. 19, 2011.

### ORDER

¶ 1 Petitioner seeks from this Court an extraordinary writ of prohibition, or in the alternative an extraordinary writ of mandamus, for the purpose of controlling the discretion of the Court of Criminal Appeals in its interpretation of Article 5 § 22 of the Oklahoma Constitution in an order of that court filed June 9, 2011, in *Leftwich v. Alcorn*, PR–2011–319.

¶ 2 The Supreme Court heard oral argument from the Petitioner, Real Party in Interest, and Amicus Curiae. Counsel for Petitioner, counsel for the Real Party in Interest, and counsel for Amicus Curiae all agreed during oral argument that certain issues raised herein were not raised, or were not adequately raised, before the Court of Criminal Appeals in PR–2011–319, and that the interpretation of Art. 5, § 22 by the Court of Criminal Appeals was both truncated and in some respects erroneous. All counsel agreed that a portion of the order issued by the Court of Criminal Appeals, specifically; "[t]he Speech and Debate Clause in the Oklahoma Constitution includes an express exception for felonies. Okla. Const. Art. V, § 22,[1] " should not be enforced as the parties perceive that portion of the order to be a mistake of law in the underlying criminal proceeding in the District Court of Oklahoma County.

¶ 3 Upon consideration of the agreement of counsel for the parties during oral argument and this Court's review of the order of the Court of Criminal Appeals, in PR–2011–319, we decline to assume original jurisdiction in order to allow the parties the opportunity to seek the appropriate relief in the Court of Criminal Appeals. This Court thus need not address the scope of Article 5, § 22 of the Oklahoma Constitution or any issues of jurisdiction relating to the effect of the Court of Criminal Appeals order in PR–2011–319 or this Court's supervisory writ jurisdiction over the Court of Criminal Appeals.

¶ 4 We decline to assume original jurisdiction. Okla. Const. Art. 7 § 4. On July 28, 2011, this Court issued a stay of the trial court proceedings in CF–2010–8067, District

---

**1.** The full text of the Speech and Debate Clause provides 'Senators and Representatives shall, except for treason, felony, or breach of the peace, be privileged from arrest during the session of the Legislature, and in going to and returning from the same, and, for any speech or debate in either House, shall not be questioned in any other place. Okla. Const. Art. V, § 22.'

Court of Oklahoma County. The stay issued by our order of July 28th is hereby dissolved.

¶ 5 **DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 19TH DAY SEPTEMBER 2011.**

¶ 6 CONCUR: TAYLOR, C.J., COLBERT, V.C.J., KAUGER, EDMONDSON, COMBS, JJ.

¶ 7 CONCURRING IN PART; DISSENTING IN PART: WINCHESTER (It is emphatically the province and duty of the Court of Criminal Appeals to say what the law is in a criminal matter. I would dismiss the Petitioner's application to assume original jurisdiction for lack of jurisdiction to review an order by the Court of Criminal Appeals in an undisputed criminal matter over which that court had exclusive jurisdiction. Art. 7, § 4, Okla. Const.; In the *Matter of M.B.*, 2006 OK 63, ¶ 8, 145 P.3d 1040, 1044.), J.

¶ 8 DISSENT: WATT (by separate writing), REIF (by separate writing), JJ.

¶ 9 DISQUALIFIED: GURICH, J.

WATT, J., dissenting:

¶ 1 The Court's order refuses to assume original jurisdiction at this time and directs the parties to again seek relief in the Court of Criminal Appeals (Criminal Appeals Court) by way of a joint application presumably to "correct" that court's statement providing that "[t]he Speech and Debate Clause in the Oklahoma Constitution includes an express exception for felonies." [1] I dissent. Simply because parties may agree upon a question of law, such an agreement does not bind a tribunal. Rather than declining to invoke our constitutional, general superintending control over all inferior courts,[2] I would: 1) recognize that the parties' agreement that the Criminal Appeals Court erred in its statement associated with the Speech and Debate Clause binds neither this Court nor that tribunal; 2) address the applicability of 26 O.S.2001 § 16–108[3] to the defendant/petitioner, Deborah Ann Leftwich (Leftwich/Legislator); 3) refuse to issue an advisory opinion[4] regarding the breadth of the speech and debate clause; and 4) assume original jurisdiction and prohibit the District Attorney of Oklahoma County from proceeding in the criminal matter as currently charged while affording the opportunity for filing criminal charges under any other existing appropriate statutory provision.

### RELEVANT FACTS

¶ 2 On June 9, 2011, the Criminal Appeals Court denied the Legislator's petition for writ of prohibition and alternative request for a writ of mandamus. The Legislator sought to prohibit the District Court from proceeding in a matter charging her with the offense of soliciting and/or accepting a bribe from another for withdrawal of candidacy pursuant to 26 O.S.2001 § 16–108. The Criminal Appeals Court determined that: there was an express exception for felonies to the Speech and Debate Clause found in Okla.

1. Order Denying Petition for Writ of Prohibition and in the Alternative Petition for Writ of Mandamus, No PR–2011–319 filed on June 9, 2011, p. 3. The Okla. Const. art. 5, § 22 providing:

   "Senators and Representatives shall, except for treason, felony, or breach of the peace, be privileged from arrest during the session of the Legislature, and in going to and returning from the same, and, for any speech or debate in either House, shall not be questioned in any other place."

2. The Okla. Const. art. 7, § 4 providing in pertinent part:

   "... The original jurisdiction of the Supreme Court shall extend to a general superintending control over all inferior courts and all Agencies, Commissions and Boards created by law...."

Jurisdiction between the Supreme Court and the Court of Criminal Appeals is not a legislative matter, but a constitutional issue to be determined by the Supreme Court. Therefore, the jurisdictional limits of the Supreme Court and the Court of Criminal Appeals are set and defined by the this Court, not the Court of Criminal Appeals. *In re M.B.*, 2006 OK 63, 145 P.3d 1040.

3. Title 26 O.S.2001 § 16–108 providing:

   "Any person who shall solicit or accept from another anything of value for withdrawing from any political contest as a candidate or nominee for any office at any election shall be deemed guilty of a felony."

4. *Application of Fun Country Development Auth.*, 1977 OK 138, 566 P.2d 1167; *City of Shawnee v. Taylor*, 1943 OK 11, 132 P.2d 950.

Const., art. 5, § 22; and inadequate facts were presented to determine whether candidacy had been established under the statutory provision. The Legislator filed an application with this Court to assume original jurisdiction and petition for writ of prohibition and/or mandamus, or in the alternative, declaratory relief on June 22, 2011. Leftwich asks this Court to determine the breadth of protection offered by the Speech and Debate Clause, *i.e.* its applicability to criminal cases.

**¶ 3 a) The parties' agreement that erroneous statements were made by the Criminal Appeals Court in its order denying the petition for writ of prohibition and in the alternative petition for writ of mandamus does not bind that Court nor does it confer jurisdiction for the petition for rehearing to be filed out of time.**

¶ 4 The majority invites the parties back to the Criminal Appeals Court to afford that tribunal the opportunity to revisit its order denying the petition for writ of prohibition and, in the alternative, petition for writ of mandamus. The relief we grant, while stating we are not assuming original jurisdiction, is not available under the rules of the Criminal Appeals Court.

¶ 5 The Criminal Appeals Court does allow rehearing in an original action where relief has been afforded or denied. Nevertheless, its rules provide that a timely petition "shall be made by the attorney of record, and filed with the Clerk within twenty (20) days from the date on which the opinion in the cause was filed."[5] The Criminal Appeals Court's order issued June 9, 2011. We should not now, in mid-September and well out of time, require the Criminal Appeals Court to review

an order which it would not have addressed under its procedural rules.

¶ 6 The majority sends the matter back to from whence it came because "[a]ll counsel agreed that a portion of the order issued by the Court of Criminal Appeals should not be enforced in the underlying criminal proceeding." The parties may, not by agreement or otherwise, confer jurisdiction on the Criminal Court of Appeals.[6] Furthermore, a parties agreement on an issue will not bind a tribunal.[7]

**¶ 7 b) As a matter of law, charges leveled under 26 O.S.2001 § 16–108 may not stand. There is no evidence that the Legislator "withdrew" from a political contest within the meaning of the statutory provision.**

¶ 8 Generally this Court follows the construction given to criminal statutes by the Criminal Appeals Court. Nevertheless, we note that the Criminal Court has not, in this case, chosen to construe the statutory provision at issue or to determine its applicability to this cause.[8] Additionally, the statutory provision has not been addressed in any other opinion of this Court or of the Criminal Court of Appeals. While we recognize that there is ample precedent that prohibits this Court from construing a criminal statute **previously construed** by the Court of Criminal Appeals, it is equally clear that upon their failure to do so that we may proceed by virtue of our co-extensive appellate jurisdiction.[9]

¶ 9 Title 26 O.S.2001 § 16–108 provides that "[a]ny person who shall solicit or accept from another anything of value for withdrawing from any political contest as a candidate or nominee for any office at any election shall be deemed guilty of a felony." The District Attorney seeks to apply 21 O.S.2001 § 187[10]

---

5. Rule 3.14, Rules of the Court of Criminal Appeals, 22 O.S. Supp.2003, Ch. 18, App.

6. *Matter of Application of C.A.D.,* 1992 OK 89, fn. 36, 839 P.2d 165; *Bane v. Anderson, Bryant & Co.,* 1989 OK 140, 786 P.2d 1230.

7. See, *State ex rel. Dept. of Human Services v. T.D.G.,* 1993 OK 126, 861 P.2d 990; *Bynum v. Bynum,* 1938 OK 520, 84 P.2d 424.

8. See, *State ex rel. Ikard v. Russell,* 1912 OK 425, 124 P. 1092.

9. The Okla. Const. art. 7, § 4, see note 2, supra.

10. Title 21 O.S.2001 § 187 providing in pertinent part:
   "As used in Sections 1 through 3 of this act [this act relating to Title 21 O.S. §§ 187 through 187.2 relating to Campaign Contributions]:

and Ethics Commission Rule 257: 1–1–2, 74 O.S. Supp.2007, Ch. 62, App.[11] to define the term, candidacy. The attempt is inapposite.

¶ 10 There is no need for statutory interpretation. If the language is plain and clearly expresses the legislative will, further inquiry is unnecessary.[12] The Legislature has clearly and unequivocally expressed its intent that § 187 apply only to related sections found in title 21 stating that the definitions **"[as] used in Sections 1 through 3 of this act [this act relating to title 21 O.S. §§ 187 through 187.2 concerning Campaign Contributions]**. [Emphasis supplied.] Likewise, Ethics Commission Rule 257: 1–1–2, 74 O.S. Supp.2007, Ch. 62, App. echos the same legislative intent providing in pertinent part:

"Masculine words, **whenever used in this title,** shall include the feminine and neuter, and the singular includes the plural, unless otherwise specified. In addition, **the following words or terms, when used in this title,** shall have the following meaning . . ." [Emphasis supplied.]

Therefore, as a matter of law, charges leveled under 26 O.S.2001 § 16–108 may not stand as there is no evidence that the Legislator "withdrew" from a political contest within the meaning of the statutory provision.

> . . . 4. 'Candidate' means a person who seeks nomination or election to state or local office. An individual is a candidate when the individual:
> a. has filed a declaration of candidacy for any state office with the Secretary of the State Election Board . . .
> or . . .
> e. solicits or accepts contributions, makes expenditures or gives consent to an individual, organization, party committee, or other committee to solicit or accept contributions or make expenditures to secure election to any state or local office at any time, whether or not the office for which the individual will seek nomination or election is known when the:
> (1) solicitation is made,
> (2) contribution is accepted, or
> (3) expenditure is made. . . ." [Emphasis provided.]

11. Ethics Commission Rule 257: 1–1–2, 74 O.S. Supp.2007, Ch. 62, App. providing in pertinent part:

> "... 'Candidate' means a person who seeks nomination or election to state office. An individual is a candidate when the individual:

¶ 11 **c) Because the charges levied, as a matter of law, may not stand, no need exists to answer the broader constitutional question involving the speech and debate clause. To do so results in issuance of a purely advisory opinion.**

¶ 12 Resolution of the instant cause is affordable on non-constitutional grounds. Most assuredly, the charges levied, as a matter of law, may not stand. Therefore, we need not address the broader question of whether the Legislator's actions would have been protected under the Oklahoma Constitution's speech and debate clause.[13] Furthermore, we take the opportunity to issue what would, under the facts we have before us, be an advisory opinion.[14] Finally, this Court should not leave resolution of the same to our counterpart in the criminal arena.

## CONCLUSION

¶ 13 I would assume original jurisdiction and prohibit the district court from proceeding further in the criminal matter as currently charged. I would urge that nothing in this writing should be interpreted to prohibit the District Attorney of Oklahoma County from proceeding against the Legislator under any

> (1) has filed a declaration of candidacy for any state office with the Secretary of the State Election Board;
> (2) has filed a declaration of candidacy with the Secretary of State and has drawn active opposition;
> ... (4) solicits or accepts contributions, makes expenditures or gives consent to an individual, organization, party committee, or other committee to solicit or accept contributions or make expenditures to secure election to any state office at any time, whether or not the office for which the individual will seek nomination or election is known when the:
> (A) solicitation is made;
> (B) contribution is accepted; or
> (C) expenditure is made. . . ."

12. *White v. Lim,* 2009 OK 79, ¶ 12, 224 P.3d 679; *Rout v. Crescent Public Works Auth.,* 1994 OK 85, ¶ 10, 878 P.2d 1045.

13. *State ex rel. Fent v. State ex rel. Oklahoma Water Resources Bd.,* 2003 OK 29, 66 P.3d 432.

14. *Application of Fun Country Development Auth.,* see note 4, supra; *City of Shawnee v. Taylor,* see note 4, supra.

other existing appropriate statutory provision.

REIF, J., dissenting.

¶ 1 This case presents a direct and substantial conflict between the exercise of Constitutional Power by the Executive Branch and the exercise of Constitutional Power by the Legislative Branch. Resolution of such a conflict presents a matter of significant public interest. This Court should assume original jurisdiction in such cases. *Coffee v. Henry*, 2010 OK 4, ¶ 6, 240 P.3d 1056, 1058.

¶ 2 The Executive Branch acting through the District Attorney for Oklahoma County has asserted that former State Senator Deborah Leftwich announced that she would not seek reelection in 2010, based on promises by State Representative Randall Terrill that he would (1) secure passage of legislation to create and fund a position in State government and (2) use his influence to secure her appointment to the position. The District Attorney alleges that Senator Leftwich accepted a thing of value for withdrawing as a candidate from the 2010 election for her Senate seat. The District Attorney contends such conduct violates 26 O.S.2001, § 16–108.

¶ 3 In support of this charge, the District Attorney filed an affidavit with the District Court of Oklahoma County, setting forth statements attributed to Representative Terrill, Senator Leftwich, and other members of the Legislature, as the basis for probable cause to charge Senator Leftwich. The affidavit also informed the court that Senator Leftwich was a "candidate" for purposes of § 16–108 based on the definition of candidate set forth in 21 O.S.2001, § 187 and 74 O.S. Supp.2010, ch. 62, app., Ethics Commission Rule 257: 1–1–2.

¶ 4 Senator Leftwich asserts that the statements attributed to her, Representative Terrill, and other members of the Legislature, are privileged under Art. 5, § 22 of the Oklahoma Constitution. She also asserts that the acts and statements attributed to her and Representative Terrill and the totality of the matters set forth in the probable cause affidavit, do not constitute a violation of § 16–108 as a matter of law. Senator Leftwich contends the District Attorney is attempting to act in derogation of the constitutional privilege and in excess of lawful prosecutorial power. The record before the Court demonstrates that these assertions have merit and warrant relief from this Court.

¶ 5 The fact that the parties have asked this Court to issue mandamus directed to the Court of Criminal Appeals does not control the relief available from this Court in deciding this public law issue. This Court is free to recast the proceeding to issue relief in the form of a writ of prohibition directed to the District Attorney. *See Stewart v. Judge of the 15th Judicial District*, 1975 OK 156, ¶ 7, 542 P.2d 945, 947. Additionally, neither the fact that the public law issues in this case arise in a criminal case, nor the fact that the Court of Criminal Appeals has declined to grant extraordinary relief, present any barrier to this Court's exercise of its constitutional power to consider a complaint that an executive officer is acting in excess of the constitutional authority of his or her office. *Wiseman v. Boren*, 1976 OK 2, 545 P.2d 753.

## I.

¶ 6 To be sure, the District Attorney's probable cause affidavit reveals determined intent and effort on the part of Representative Terrill to create and to fund by legislation the position in State government he promised to help Senator Leftwich obtain. The probable cause affidavit likewise reveals an expectation on the part of Senator Leftwich that Representative Terrill would not only work to pass this legislation, but would also help her obtain appointment to the position. Such self-interest on the part of a single representative and a single senator does not mean, however, that the position created and funded by the legislation was not in the public interest. The probable cause affidavit acknowledges that the legislation creating and funding the position was passed by the House of Representatives and the Senate. Notably absent from the District Attorney's probable cause affidavit are any allegations that Representative Terrill or Senator Leftwich offered a bribe to, or

coerced any other member of the legislature to vote for the legislation in question.

¶ 7 In order to prove that Representative Terrill and Senator Leftwich were motivated by self-interest and not acting in the public interest, the District Attorney seeks to examine, at a preliminary hearing, other members of the Legislature about their discussions with Representative Terrill and Senator Leftwich concerning the legislation. In addition, the District Attorney seeks to establish that "the last two weeks of the legislative session are chaotic" and that "legislators who want to include language in a bill that would otherwise be vetted out, include the language in the last two weeks of session because 'nobody can read the hundreds of bills they are voting on.'" Such impeachment of duly passed legislation is not only unheard of, it is directly contrary to the privilege set forth in Art. 5, § 22 of the Oklahoma Constitution.

¶ 8 Article 5, section 22 contains two distinct clauses. The first clause provides legislators a privilege from arrest, with some exceptions, during the session, and in going to and returning from the session. This clause is not relevant to the case at hand. The second clause states "for any speech or debate in either House [Senators and Representatives] shall not be questioned in any other place."

¶ 9 This second clause is commonly called the speech and debate clause and protects not only the legislative function but the "informing function" of the legislative process as well. *See State v. Nix*, 1956 OK 95, ¶ 13, 295 P.2d 286, 289–90. The "informing function" is the "duty of a representative body to look diligently into every affair of government and to talk much about what it sees." *Id.* (quoting Woodrow Wilson, *Congressional Government*, p. 303). In fulfilling this duty, the legislature and its members are to "scrutinize [the affairs of government] and sift them by **every form of discussion.**" *Id.* (emphasis added).

¶ 10 The speech or debate clause provides a privilege that "enabl[es] representatives in the legislative branch of government to execute all of the functions of their offices without fear of any character of prosecution for what they say or do in the execution of the

duties of their offices." *Id.* at ¶ 16, 295 P.2d at 290 (citation omitted). The privilege makes legislators "immune from deterrents to the uninhibited discharge of their legislative duties, not for their private indulgence, but for the public good." *Id.* at ¶ 17, 295 P.2d at 289 (citing *Tenney v. Brandhove*, 341 U.S. 367, 377, 71 S.Ct. 783, 95 L.Ed. 1019 (1951)). This immunity shields all enactment-related conduct. *Brock v. Thompson*, 1997 OK 127, ¶ 14, 948 P.2d 279, 287.

¶ 11 This Court has adopted the view of the United States Supreme Court that "[t]he claim of an unworthy purpose does not destroy the privilege." *Nix*, 1956 OK 95, ¶ 17, 295 P.2d at 290 (quoting *Tenney*, 341 U.S. at 377, 71 S.Ct. 783). As the *Nix* Court interpreted the United States Supreme Court's decision: "The privilege would be of little value if [legislators] could be subjected to the cost and inconvenience and distractions of a trial ... or to the hazard of a judgment ... based on a [judge's] speculation as to the motives." *Id.* This Court has similarly held that "Legislators may not be haled into court, either to account for acts that occurred in the course of the legislative process or for judicial inquiry into their motivation for those acts." *Brock*, 1997 OK 127, ¶ 14, 948 P.2d at 287 (footnote omitted).

¶ 12 This Court has adopted the view of the United States Supreme Court that, "Courts are not the place for ... controversies [over the motives of legislators]." *Nix*, 1956 OK 95, ¶ 17, 295 P.2d at 291 (quoting *Tenney*, 341 U.S. at 378, 71 S.Ct. 783). In cases of "dishonest or vindictive motives," the United States Supreme Court has said: "Self discipline [by the legislative bodies] and the voters must be the ultimate reliance for discouraging or correcting such abuses." *Id.*

¶ 13 Statements by Senator Leftwich, Representative Terrill, and other members of the Legislature, made during the legislative session, that reveal nothing more than self-interest on the part of Representative Terrill and Senator Leftwich concerning the legislation in question are protected by the privilege provided by Article 5, § 22. Senator Leftwich, Representative Terrill, and the other members of the Legislature who are

listed as witnesses on the State's "Information" cannot be questioned in any place outside the Senate or House regarding their statements and discussions bearing on the motives of any member of the legislature, including proceedings related to the criminal charge. Even statements by Representative Terrill and Senator Leftwich that reflect they were motivated by self-interest are subject to the privilege. To the extent their respective legislative bodies may determine such self-interest constitutes misconduct, or "dishonest motive," the only legislative remedy provided by the Constitution is for them "to answer" in their respective legislative bodies for such punishment or discipline as the legislative body may prescribe.

¶ 14 Senator Leftwich is entitled to relief from this Court to prohibit the District Attorney from using any statements protected by the speech or debate privilege in the prosecution of this matter and from questioning any members of the Legislature regarding the passage of the legislation in question.

## II.

¶ 15 In addition to seeking relief from unauthorized interference with the speech or debate privilege, Senator Leftwich has maintained the District Attorney is acting in excess of his authority by prosecuting her for a crime that it was legally impossible for her to commit. The District Attorney has charged Senator Leftwich with violating 26 O.S.2001, § 16–108. This statute makes it a felony for "[a]ny person [to] solicit or accept from another anything of value for withdrawing from any political contest as a candidate or nominee for any office at any election." *Id.* Senator Leftwich has asserted that she was not a "candidate," and her decision not to seek reelection was not "withdrawing from any political contest" as those terms are used in § 16–108.

¶ 16 The District Attorney's probable cause affidavit informs the court that 21 O.S. 2001, § 187 and 74 O.S. Supp.2010, ch. 62, app., Ethics Commission Rule 257: 1–1–2, provide a definition of "candidate" that Senator Leftwich meets by reason of her campaign fund activity. The probable cause affidavit states that Senator Leftwich's decision

not to seek reelection would constitute withdrawing from a political contest in light of her campaign fund activity. Upon review of the text of section 187 and Rule 257: 1–1–2, and the origin of section 16–108, it is clear that the District Attorney's reliance on section 187 and Rule 257: 1–1–2 is misplaced.

¶ 17 Examination of the text of section 187 and Rule 257: 1–1–2 reveals no intent on the part of the Legislature to make the definition of candidate set forth therein a general purpose definition of the term "candidate." In fact, the opposite intent is revealed. Section 187 expressly states the definitions therein are "[a]s used in Sections 1 through 3 of this act" (*i.e.,* 21 O.S.2001 §§ 187–187.2). Rule 257: 1–1–2 similarly provides that "the following words or terms, when used in this title, shall have the following meaning."

¶ 18 Section 16–108 was enacted in 1974 as a provision in the Election Code, 26 O.S.2001, §§ 1–101 through 22–116. One of the express purposes of the Election Code, including section 16–108, is to regulate candidacy for public office in Oklahoma. The proper interpretation of section 16–108 presents a question of public interest beyond the Penal Code's general policy of deterring and punishing harmful conduct.

¶ 19 At the same time section 16–108 was enacted, and in the same Code, the Legislature specifically provided that a person becomes "a candidate for office ... **only after** he [or she] files a declaration of candidacy as hereinafter provided." 26 O.S.2001, § 5–101. The Legislature also originally provided that declarations of candidacy can be filed "no earlier than 8:00 a.m. on the first Monday after Independence Day." 26 O.S.2001, § 5–110. The Legislature amended § 5–110 in 2004 to read, "the first Monday in June." The Legislature further provided: "Any candidate may withdraw his [or her] candidacy **only upon** filing a written notice of withdrawal." 26 O.S.2001, § 5–115. The Legislature also amended § 5–115 in 2004, but did not change this requirement.

¶ 20 At the time section 16–108 was enacted, the terms "candidate" and "withdraw" or "withdrawing" as used in section 16–108 referred to a candidate who had filed a declara-

tion of candidacy and who had likewise filed a written notice of withdrawal. The Legislature has expressed no intent that such terms should have any different meaning since the enactment of the Election Code other than to allow the filing period to begin on the first Monday in June. Given the general rule that criminal statutes must be strictly construed, it is impermissible for the District Attorney to go outside of the Election Code to find meaning of the terms therein, when the Legislature has not shown intent to do so.

¶ 21 Executive power to enforce the criminal law is limited to enforcement of the statutes as written. Executive officers cannot extend or supplement a criminal statute to cover a party or circumstances that the Legislature did include within the language of the statute. The fact that a person can be a candidate for purposes of campaign finance regulation and oversight by the Ethics Commission, and not be a candidate for purposes of prosecution under section 16–108, is simply a lacuna in the statutory law to be addressed or corrected by the Legislature as it deems necessary.

¶ 22 The District Attorney's own sworn statement of the facts states that Senator Leftwich announced her intent not to seek another term for Senate District 44 on May 28, 2010. Because it was legally impossible for her to file a declaration of candidacy prior to 8:00 a.m. on the first Monday of June 2010, Senator Leftwich could **not** have been a "**candidate**" on May 28, 2010, for purposes of section 16–108 **as a matter of law.** Similarly, announcement of her decision not to seek another term could **not** have constituted "**withdrawing**" from a political contest for purposes of section 16–108 **as a matter of law.**

¶ 23 Senator Leftwich is entitled to relief from this Court to prohibit the District Attorney from proceeding further against her on the charge of violating 26 O.S.2001, § 16–108, because she has no other adequate remedy to prevent her unlawful prosecution. ("The adequacy or inadequacy of a remedy [must] be determined upon the facts of each particular case ... but (the writ) will be granted where the remedy available is insufficient to prevent immediate injury or hard-

ship to the party complaining, particularly in criminal cases." *State ex rel. Wise v. Clanton,* 1977 OK CR 45, ¶ 14, 560 P.2d 588, 591.)

¶ 24 The District Attorney's probable cause affidavit has demonstrated that Representative Terrill and Senator Leftwich acted in their self-interest with respect to the legislation in question. Such self-interest on their part or any other legislator may be unethical, morally wrong and even deserving of public condemnation, but it did not constitute the crimes for which they are charged. While the public interest is undoubtedly served by the exposure of such self-interest, exposure through an unfounded criminal prosecution and derogation of the constitutional speech and debate privilege is not the way to achieve such an end, and harms equally important public interests.