2011 OK CR 31

**ALLEN**

v.

**STATE.**

No. PCD–2010–1175.

Court of Criminal Appeals of Oklahoma.

Dec. 8, 2011.

John David Echols, Indigent Defense System, Sapulpa, OK, Vicki Werneke, Kristi Christopher, Indigent Defense System, Norman, OK, attorneys for defendant at trial.

Richard Hull, First Assistant District Attorney, Pittsburg County, McAlester, OK, Robert Whitaker, Assistant Attorney General, Oklahoma City, OK, attorneys for State at trial.

Kristi Christopher, Indigent Defense System, Norman, OK, John David Echols, Indigent Defense System, Sapulpa, OK, attorneys for appellant on appeal.

E. Scott Pruitt, Attorney General, Robert Whitaker, Assistant Attorney General, Oklahoma City, OK, attorneys for appellee on appeal.

## OPINION DISMISSING APPEAL

LEWIS, Vice Presiding Judge.

¶ 1 Petitioner, Garry Thomas Allen, was scheduled to be executed on March 7, 2005, for his first degree murder conviction and death sentence in Oklahoma County District Court case number CF–1986–6295. During clemency proceedings, the execution was stayed until May 19, 2005. Prior to May 19, the Warden of the Oklahoma State Penitentiary initiated proceedings pursuant to 22 O.S.2001, § 1005, so that the question of Allen's sanity could be adjudicated. The District Court of Pittsburg County ordered that Allen's execution be stayed pending the resolution of the sanity issue and scheduled dates for hearings on the matter. (*See* Pittsburg County case number C–2005–510).

¶ 2 A jury trial on Allen's sanity to be executed was held April 28 through May 1, 2008, and the jury found Allen sane. An appeal was taken with the Oklahoma Supreme Court who determined it had jurisdiction over the matter on November 23, 2009; thereafter, on December 15, 2010, the Su-

preme Court reversed itself and transferred the case to this Court, recognizing that this Court had jurisdiction over criminal matters.[1] The records in this case were received by this Court on March 10, 2011. At Petitioner's request, this Court ordered supplemental briefing and supplementation of the record, which was completed on October 10, 2011.

¶ 3 Although this case was given a post-conviction procedure case number, Petitioner is actually attempting to appeal the Pittsburg County jury's finding of sanity. This Court's initial review of Petitioner's requests reveals that Oklahoma statutes provide no appeal procedure for a finding of sanity pursuant to § 1005, *et seq.* Section 1008 provides that "If it is found that the defendant is sane the warden must proceed to execute the judgment as certified in the warrant...." Further, in *Bingham v. State,* 1946 OK CR 54, 82 Okl.Cr. 305, 314, 169 P.2d 311, 316, this Court held that sanity rulings pursuant to §§ 1005–1008, were not subject to review.

¶ 4 Petitioner relies on two major arguments urging this Court to review the jury verdict in this case. First, Petitioner relies on the Oklahoma Supreme Court order transferring the case to this Court, which states that the case is transferred for "a constitutionally acceptable substantial and procedural review of the jury's verdict." Petitioner argues that this Court must comply with the Supreme Court's order and that the orders of the Oklahoma Supreme Court constitute the law of the case. Secondly, Petitioner argues that *Bingham* was wrongly decided and is no longer viable.

¶ 5 With reference to Petitioner's first argument, the Oklahoma Supreme Court recognized that it did not have jurisdiction over this case, and, therefore, transferred the case to this Court. The Supreme Court has recognized this Court's exclusive jurisdiction in criminal matters several times. *Leftwich v. Court of Criminal Appeals,* 2011 OK 80, ¶ 3, 262 P.3d 750, 750; *In the Matter of M.B.,* 2006 OK 63, ¶ 14, 145 P.3d 1040, 1047; *State ex rel. Henry v. Mahler,* 1990 OK 3, ¶ 19, 786 P.2d 82, 87. This Court, therefore, is not bound by Petitioner's interpretation of the language in the Oklahoma Supreme Court's order. *See Hughes v. State,* 1994 OK CR 3, ¶ 16, 868 P.2d 730, 734.

¶ 6 This Court's exclusive jurisdiction over criminal matters is clear from Constitution and Statute. *See* Okla. Const. art. VII, § 4; *also see* 20 O.S.2001, §§ 40–41. However, this Court can only act where authorized by the Oklahoma Constitution, Oklahoma statutes, and the rules of this Court, which have the force of statute. 22 O.S.2001, § 1051(b). We are, therefore, bound by these enactments and cannot exercise jurisdiction over an appeal, application or petition that is not properly before us.

¶ 7 The legislature has not seen fit to provide a right of appeal in sanity proceedings. We must, therefore, determine whether an appeal is constitutionally required. That brings us to Petitioner's second argument that *Bingham* no longer represents valid case law.

¶ 8 The Eighth Amendment to the United States Constitution prohibits the execution of insane persons. *Ford v. Wainwright,* 477 U.S. 399, 409–10, 106 S.Ct. 2595, 2602, 91 L.Ed.2d 335 (1986). Before an inmate may be put to death, he must have:

sufficient intelligence to understand the nature of the proceedings against him, what he was tried for, the purpose of his punishment, the impending fate which awaits him, and a sufficient understanding to know any fact which might exist which would make his punishment unjust or unlawful, and the intelligence requisite to convey such information to his attorneys or the court.

*Bingham,* 169 P.2d at 314–15 (internal quotations omitted).

¶ 9 The process necessary to prevent an insane person from being executed is spelled out in *Ford* and reaffirmed in *Panetti v. Quarterman,* 551 U.S. 930, 949, 127 S.Ct. 2842, 2856, 168 L.Ed.2d 662 (2007). Oklahoma's procedure on its face complies with the federal constitution. First, the Petitioner must make a substantial threshold show-

---

1. Oklahoma Supreme Court case number DF–107641.

ing of insanity. *Panetti,* 551 U.S. at 949, 127 S.Ct. at 2856. After that showing the petitioner is entitled to a fair impartial hearing complying with procedural due process which includes an opportunity to be heard. *Id.* A procedure far less formal than a trial may be constitutionally acceptable. *Id.*

¶ 10 As far as appeal rights, the United States Supreme Court was silent. Based on previous United Supreme Court cases, however, it becomes clear that there would be no federal constitutional right to an appeal from a finding of sanity to be executed. In *Halbert v. Michigan,* 545 U.S. 605, 610, 125 S.Ct. 2582, 2586, 162 L.Ed.2d 552 (2005), the United States Supreme Court reaffirmed its long standing holding that the federal constitution imposes no obligation on States to provide appellate review of criminal convictions.[2]

¶ 11 Here, in accordance with state statute, Petitioner was allowed a jury of twelve persons to hear the sanity inquiry. 22 O.S.2001, § 1005. During that hearing, Petitioner was represented by counsel and was allowed to call expert witnesses, as well as lay witnesses, to support his claim of insanity. Petitioner clearly was afforded constitutionally mandated procedural due process and more.

¶ 12 The legislature has not provided a statutory appeal mechanism for sanity proceedings under 22 O.S.2001, § 1005, *et seq.* See 22 O.S.2001 § 1051. It is, however, clear what the procedure should be when a person facing execution is found either insane or sane after a jury trial, and that procedure does not include an appeal to this Court. *See* 22 O.S.2001, §§ 1007 and 1008.

¶ 13 The conclusion of this Court, therefore, is that this appeal is unauthorized and must be dismissed in light of the finding that there is no federally mandated right to a state appeal and no Oklahoma state constitutional mandate or Oklahoma statute requiring an appeal from the finding that a person facing execution is sane.

### DECISION

¶ 14 Allen's appeal from the district court's finding of sanity pursuant to 22 O.S.2001, § 1005 is **DISMISSED.** Pursuant to Rule

3.15, *Rules of the Oklahoma Court of Criminal Appeals,* Title 22, Ch.18, App. (2011), the **MANDATE** is **ORDERED** issued upon the delivery and filing of this decision.

A. JOHNSON, P.J., LUMPKIN, C. JOHNSON and SMITH, JJ.: concur.

---

**2.** *Reaffirming McKane v. Durston,* 153 U.S. 684, 687, 14 S.Ct. 913, 914–15, 38 L.Ed. 867 (1894).