## Case No. 13,649.

### SUTTON v. MANDEVILLE et al.

[1 Cranch, C. C. 32.] [1]

Circuit Court, District of Columbia. July Term, 1801.

JUDGMENT—FORTHCOMING BOND.

A defective forthcoming bond, will, at the plaintiff's request, be quashed, as well as the execution upon which it was founded.

Motion for judgment on a forthcoming bond. The bond produced was not signed by Mandeville and Jamieson, but had two scrolls for seals, and was signed and sealed by Charles Turner as surety. Charles Turner was the town serjeant who served the execution upon which the bond was given, and who had returned upon the execution that the bond was returned to the office, but did not describe the bond in any manner. There was no subscribing witness.

THE COURT refused to give the judgment; and, at the plaintiff's request, quashed both the bond and the execution.

[See Cases Nos. 13,648, 13,650, and 13,651.]

## Case No. 13,650.

### SUTTON v. MANDEVILLE.

[1 Cranch, C. C. 115.] [1]

Circuit Court, District of Columbia. March, 1803.

DEPOSITION—AFFIDAVIT—DISTRICT OF COLUMBIA—LAWS GOVERNING.

1. The court in Alexandria will not grant a commission to examine witnesses in a suit at common law, without affidavit showing it to be necessary for the purposes of justice.

2. The laws of Virginia, in the county of Alexandria, are to be considered, with respect to the laws of the United States, as common law, that is, not repealed without negative words or other and repugnant provisions upon the same subject. (Quære.)

Debt on bond. Issue, and continued to next term.

Mr. Mason moved for leave to issue a commission to take depositions in the state of Massachusetts, under the act of congress, (Judiciary Act), 1789, § 30 (1 Stat. 88).

Refused by THE COURT, because not grounded on affidavit showing it to be necessary to the justice of the case.

A question was made whether commissions for taking depositions must be taken out under the law of Virginia, or whether they may be taken out under the act of congress, without ten days' notice required by the Virginia law.

MARSHALL, Circuit Judge, said that he had been informed by the chief justice of the supreme court of the United States, that it was the opinion of that court that the laws of Virginia were to be considered in this district, with regard to the general laws of the United States, as the common law is considered with regard to the statute law, viz., that it is not altered without negative words, or an absolute inconsistency, so that both cannot stand together.

[See Cases Nos. 13,648, 13,649, and 13,651.]

## Case No. 13,651.

### SUTTON v. MANDEVILLE.

[1 Cranch, C. C. 187.] [1]

Circuit Court, District of Columbia. Nov. Term, 1804.

TRIAL—RIGHT TO OPEN AND CLOSE—BANKRUPTCY—BOND—MALICE.

1. The defendant has not a right to open the cause in all cases where he holds the affirmative of the issue.

2. Malice may be given in evidence in aggravation of damages in an action upon a bond conditioned to prove the plaintiff a bankrupt.

3. Evidence cannot be given to show that the commissioners of bankruptcy erred in their judgment.

Debt on bond conditioned to prove plaintiff a bankrupt. Plea, conditions performed. Replication. Breach, that defendant [Joseph Mandeville] did not prove plaintiff to be a bankrupt. Rejoinder, that he did prove him to be a bankrupt. Surrejoinder, that he did not; and tenders issue Rebutter, joins the issue.

Mr. Swann, for defendant, contended that he had a right to open the cause, because he held the affirmative, to wit: that he did prove plaintiff a bankrupt.

THE COURT, however, refused to permit him, because the replication is in nature of a new declaration; and the rejoinder is only a denial of the fact charged in the replication.

CRANCH, Circuit Judge, contrà, because the defendant is entitled to show that he did prove the plaintiff to be a bankrupt, and it is only upon the supposition that he has failed to support the issue on his part, that the plaintiff can consistently introduce evidence of the damages sustained by him.

C. Lee, for defendant, as this was not an action for a malicious prosecution, prayed the opinion of the court whether the plaintiff had a right to give evidence of malice in aggravation of damages.

THE COURT said that the question was premature, until evidence of malice should be offered, when it might come properly before the court on an objection to the evidence. But THE COURT permitted the plaintiff to give evidence of fatigue, trouble, vexation and expenses occasioned by the attempt to prove him a bankrupt. And afterwards permitted the plaintiff to go into evidence of malice in aggravation of damages.

THE COURT also permitted the defendant to give evidence of the circumstances and conduct of John Sutton, which would have

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[1] [Reported by Hon. William Cranch, Chief Judge.]