The **OKLAHOMA STATE SENATE ex rel. the Honorable Darryl F. ROBERTS, Majority Floor Leader of the Oklahoma State Senate, and the Honorable Robert V. Cullison, President Pro Tempore of the Oklahoma State Senate, Petitioners,**

v.

**The Honorable William C. HETHERINGTON, Jr., District Judge of the Twenty-First Judicial District, Cleveland County, Oklahoma, Respondent.**

No. 82716.

Supreme Court of Oklahoma.

Feb. 3, 1994.

As Corrected Feb. 17, 1994.

**24.** *Id.* at 467.

Darryl F. Roberts, pro se.

Mark H. Ramsey, Richard E. Parrish, Oklahoma City, for petitioners Roberts and Cullison.

Susan B. Loving, Atty. Gen., Jennifer Miller, Asst. Atty. Gen., Oklahoma City, for Glen D. Johnson, Speaker of the House.

William C. Hetherington, Jr., pro se.

Alfred Ray Carter, pro se.

## ORDER

HODGES, Chief Justice.

On consideration of the paperwork on file and of the proceedings before its referee, the court finds and orders as follows:

(1) It takes original cognizance of this proceeding to decide whether in Cause No. CJ–93–1940–BH, styled *Alfred Ray Carter, petitioner v. Robert V. Cullison, President Pro Tempore of the Oklahoma Senate, and Glen D. Johnson, Speaker of the Oklahoma House of Representatives, as representatives of the Oklahoma Legislature, et al., respondents,* on the docket of the District Court, Cleveland County, the respondent judge must *reach for consideration* the claim to *absolute immunity*[1] of the two legislative leaders named as parties to the suit, who are leaders of the two lawmaking bodies, *not only from the consequences of this litigation's result but also from the burden of defending them-selves.*[2]

(2) The court answers the tendered question in the affirmative and holds that because it is apparent from the face of the pleadings below that the named legislative leaders are being haled into court for acts or omissions that occurred *while* they were acting within the "sphere of legitimate legislative activi-

ty",[3] the immunity claim is sustainable and the legislators are hereby ordered dismissed as parties defendant to the action.

(3) Acting *sua sponte*, the court *further* directs that the *action* below be dismissed because the petition, and other instruments, on file facially demonstrate that the petitioner therein invokes the declaratory judgment remedy to launch an impermissible collateral attack upon the judgment and sentence in a criminal case.[4]

SIMMS, HARGRAVE, OPALA, ALMA WILSON, KAUGER, SUMMERS and WATT, JJ., concur.

LAVENDER, V.C.J., concurs in result.

---

1. Art. 5, § 22, Okl. Const., provides:

 "*Senators* and *Representatives shall*, except for treason, felony, or breach of the peace, *be privileged* from arrest during the session of the Legislature, and in going to and returning from the same, and, *for any speech or debate in either House, shall not be questioned in any other place.*" (Emphasis supplied.)

2. *Dombrowski v. Eastland,* 387 U.S. 82, 85, 87 S.Ct. 1425, 1427, 18 L.Ed.2d 577 (1967); *U.S. v. Gillock,* 445 U.S. 360, 366–67, 100 S.Ct. 1185, 1190, 63 L.Ed.2d 454 (1980).

3. *Doe v. McMillan,* 412 U.S. 306, 311–12, 93 S.Ct. 2018, 2024, 36 L.Ed.2d 912 (1973). *See also Davis v. Passman,* 442 U.S. 228, 236 n. 11, 99 S.Ct. 2264, 2272, 60 L.Ed.2d 846 (1979); *Ethics Com'n v. Cullison,* Okl., 850 P.2d 1069, 1083–85 (1993) (Opala, J., concurring).

4. *See* in this connection *Anderson v. Trimble,* Okl., 519 P.2d 1352, 1355–56 (1974); *Walters v. Oklahoma Ethics Com'n,* Okl., 746 P.2d 172, 179–184 (1987) (Opala, J., concurring).