2003 OK CR 21

**Darin McKevin PITTS, Appellant,**

v.

**STATE of Oklahoma, Appellee.**

**No. F–2003–540.**

Court of Criminal Appeals of Oklahoma.

Oct. 10, 2003.

552

## ORDER DISMISSING APPELLATE PROCEEDING

JOHNSON, Presiding Judge:

¶ 1 At issue before this Court is whether Appellant's trial counsel timely filed in the trial court a Notice of Intent to Appeal and Designation of Record. We hold that he did not timely file these jurisdictional documents. For this reason, this appellate proceeding must be dismissed.

### I. Procedural History and Commencement of Time for Perfecting Appeal

¶ 2 This proceeding was initiated in this Court on May 20, 2003, by the filing of a copy of the Notice of Intent to Appeal and Designation of Record (hereinafter "Notice and Designation") that Appellant had filed in the District Court of Bryan County, Case No. CF–97–272. On July 11, 2003, a Petition in Error was filed herein by Appellant's appointed appellate counsel, Lizbeth L. McCarty of the Oklahoma Indigent Defense System

(OIDS). It is through these pleadings that Appellant seeks to appeal a revocation order imposed in the District Court on May 7, 2003, by the Honorable Farrell M. Hatch, District Judge.

¶ 3 On May 30, 2003, OIDS counsel filed a motion asking this Court to dismiss this pending appellate proceeding on the ground that Appellant's trial counsel had not filed the required Notice and Designation within the ten-day time period required by law. Because these jurisdictional documents were not filed within ten days after imposition of the revocation order, OIDS counsel reasoned that her agency was precluded, by 22 O.S. 2001, § 1363, from proceeding with Appellant's proposed appeal.[1]

¶ 4 In a regular direct appeal from a conviction, a defendant's time limitation for commencing an appeal begins from the date of pronouncement of Judgment and Sentence.[2] Appellate review of an order revoking a suspended sentence follows the same procedure as that for perfecting a regular misdemeanor or felony appeal.[3] Provided, however, that in a revocation appeal, for the purpose of calculating the date that the appellate time period will commence, the date of the trial court's imposition of the order of revocation substitutes for references within our *Rules* to the date of Judgment and Sentence.[4] Consequently, in Appellant's matter, his Notice and Designation were required to be filed within ten days from the date the

District Court pronounced its decision to revoke.[5]

¶ 5 In Appellant's case it was not until Tuesday, May 20, 2003, that Appellant filed with the trial court clerk his Notice and Designation. This filing occurred more than ten calendar days after the Wednesday, May 7th, imposition of the order of revocation. Thus, unless something other than calendar days are counted in calculating the ten-day filing deadline, Appellant's attempted appeal was not timely initiated and must be dismissed.[6]

## II. Inapplicability of the Oklahoma Pleading Code in Calculating the Ten–Day Filing Period

¶ 6 After filing her Motion to Dismiss this proceeding, OIDS counsel, on June 2, 2003, moved to withdraw her Motion. Her request to withdraw was based upon the perceived applicability of 12 O.S.2001, § 2006(A), to the calculation of the ten-day time period for defendants to file their Notice and Designation.

¶ 7 Section 2006(A) states:

In computing any period of time prescribed or allowed by this title, by the rules of any court of this state, or by order of a court of this state, the day of the act, event, or default from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included, unless it is a

---

1. Within 22 O.S.2001, § 1363, it is made "the responsibility of the trial counsel to file all jurisdictional documents required to be filed in the district court." Section 1363 further provides that OIDS "shall be prohibited from accepting any appeal, unless trial counsel has timely filed all necessary documents or has pursued and been granted the authority for an appeal out of time on the defendant's behalf."

2. 22 O.S.2001, § 1054; Rules 1.4 & 3.1(C), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2003).

3. *See* Rule 1.2(D)(4) ("Review of an order revoking a suspended sentence is governed by the same procedure as perfection of a regular misdemeanor or felony appeal.").

4. *See* Rule 1.2(D)(4) ("The appropriate appeal time commences upon imposition of the order revoking suspended sentence.").

5. *See* Rule 2.1(B) ("An appeal is commenced by the trial counsel's filing with the trial court a written notice of intent to appeal and a designation of record as prescribed in Rule 1.14(C) within ten (10) days from the date the Judgment and Sentence is imposed in open court."); & Rule 2.5(A) ("Within ten (10) days from the date the Judgment and Sentence is imposed in open court or an order grants an appeal out of time, the defendant must file with the trial court clerk a notice of intent to appeal and designation of record in the form prescribed in Rule 1.14(C).").

6. "The filing of the Notice of Intent to Appeal and Designation of Record in the District Court is jurisdictional and failure to timely file constitutes waiver of the right to appeal." Rules 2.1(B) & 2.5(A).

legal holiday as defined by Section 82.1 of Title 25 of the Oklahoma Statutes or any other day when the office of the court clerk does not remain open for public business until the regularly scheduled closing time, in which event the period runs until the end of the next day which is not a legal holiday or a day when the office of the court clerk does not remain open for public business until the regularly scheduled closing time. Except for the times provided in Sections 765, 990.3, 1148.4, 1148.5, 1148.5A, and 1756 of this title, when the period of time prescribed or allowed is less than eleven (11) days, intermediate legal holidays and any other day when the office of the court clerk does not remain open for public business until the regularly scheduled closing time, shall be excluded from the computation.

12 O.S.2001, § 2006(A).

¶ 8 Appellant's Notice and Designation filed on Tuesday, May 20th, would seem to be timely if Section 2006(A) is construed to be applicable to Appellant's ten-day filing deadline for his Notice and Designation. We do not, however, find Section 2006(A) is a statute that pertains to criminal cases. Our reason for this finding is because Section 2006(A) is a part of the Oklahoma Pleading Code.

¶ 9 The Oklahoma Pleading Code, by its own terms, is not intended to be applicable to criminal cases. Section 2001 of the Code states: "The Oklahoma Pleading Code governs the procedure in the district courts of Oklahoma in all suits of a civil nature whether cognizable as cases at law or in equity except where a statute specifies a different procedure." 12 O.S.2001, § 2001. Because Section 2001 explicitly limits the Code's provisions to suits of a civil nature, "except where a statute specifies a different procedure," [7] Section 2006(A) of the Code cannot

7. One example of such a statute that "specifies a different procedure," and thereby makes a portion of the Oklahoma Pleading Code applicable to criminal cases, is found at 22 O.S.2001, § 712. Subsection (A) of Section 712 states, "Service of subpoenas for witnesses in criminal actions in the district courts of this state shall be made in the same manner as in civil actions pursuant to Section 2004.1 of Title 12 of the Oklahoma Statutes." Hence Section 2004.1 of the Oklahoma

operate to make Appellant's Notice and Designation timely.[8]

### III.   Trial Counsel's "Response to Motion to Dismiss"

¶ 10 In so finding, we do not ignore the "Response to Motion to Dismiss" that was filed by Appellant's trial counsel on August 13, 2003. Within this Response, trial counsel asserts that he relied upon Section 2006(A) in calculating the filing deadline for Appellant's Notice and Designation, and that Appellant's Notice and Designation are made timely by this statute. Trial counsel argues that "[t]he plain language of this statute, stating that it applies to 'the rules of any court of this state,' would appear to extend to this Court's rules as well as the rules of any other Oklahoma court." (Response at 3.)

¶ 11 Trial counsel bolsters his argument by noting that this Court, in State v. Pratt, 1991 OK CR 95, 816 P.2d 1149, applied a portion of Section 2006 to permit an appeal by the State to proceed, when the State did not file its Notice of Intent to Appeal in a timely fashion. Trial counsel further cites this Court to its decision in Morgan v. District Court of Woodward County, 1992 OK CR 29, 831 P.2d 1001, a matter concerning sanctions in a criminal case for discovery violations, wherein this Court made reference to a provision within the Oklahoma Pleading Code.

#### A.   Morgan v. District Court of Woodward County

■ ¶ 12 We first address the Morgan decision. In Morgan, an attorney failed to operate in good faith during discovery in a criminal case. This Court noted that 12 O.S. 1991, § 2011, of the Oklahoma Pleading Code establishes "that the signature of an attorney on a pleading, motion, or other paper, places the primary responsibility for good faith

Pleading Code has been relied upon in a criminal case to determine who must bear the cost of video-taping the testimony of a subpoenaed child witness. Young v. Macy, 2001 OK 4, ¶¶ 11–12, 21 P.3d 44, 47.

8. Recognizing this, OIDS counsel, on July 30, 2003, filed in this case a request to renew her May 30, 2003, Motion to Dismiss.

upon the attorney." *Morgan,* ¶ 10, 831 P.2d at 1005. Because of the limitation to civil cases placed upon the Oklahoma Pleading Code by Section 2001, Section 2011 is technically inapplicable to criminal cases. Nevertheless, in any proceedings before tribunals of this state, there is a general obligation upon attorneys to operate in good faith, whether through their pleadings or otherwise.[9] The Court's mention in *Morgan* of a good faith provision within the Oklahoma Pleading Code was made only in passing and was not required for the disposition reached in that matter. There is, therefore, no need to overrule *Morgan* or further clarify its holding.

## B. State v. Pratt

¶ 13 On the other hand, we do find that a portion of *State v. Pratt* must be specifically overruled. In *Pratt,* the State sought to appeal a final judgment that declared a state statute unconstitutional. The State, however, filed its Notice of Intent to Appeal after its ten-day time limit for doing so had lapsed. Because a final judgment declaring an act by the State Legislature unconstitutional was, by law, to be automatically appealed, the Court found it must let the State's appeal proceed.[10]

¶ 14 As further justification for letting the State proceed with its appeal, the Court in

*Pratt* agreed with an alternate argument made by the State. The State's alternate theory was that 12 O.S.Supp.1985, § 2006(B), of the Oklahoma Pleading Code permitted this Court to enlarge the time for the State's filing of its Notice of Intent to Appeal, *if,* under Section 2006(B), the State could show "excusable neglect."[11] We now find that the Court was incorrect to agree with this alternate theory. In addition to the fact that Section 2001 of the Pleading Code made Section 2006(B) inapplicable to criminal cases, a closer reading of Section 2006(B) reveals that its "excusable neglect" provision could not operate to extend deadlines for perfecting an appeal.[12] Consequently, we now find that the portion of *Pratt* that relied upon 12 O.S.Supp.1985, § 2006(B), of the Oklahoma Pleading Code must be, and hereby is, overruled.

## IV. Decision

¶ 15 Because Appellant's Notice of Intent to Appeal and Designation of Record in this criminal case were not timely filed, the Court **FINDS** that Appellant's matter must be dismissed.

¶ 16 **IT IS THEREFORE THE ORDER OF THIS COURT** that OIDS counsel's Motion to Dismiss is **GRANTED,** and Appellant's attempted appeal in the above-styled proceeding from the order of revocation in

---

**9.** Rule 3.1 of the *Rules of Professional Conduct,* 5 O.S.2001, ch. 1 app. 3–A, provides:

A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law. A lawyer for the defendant in a criminal proceeding, or the respondent in a proceeding that could result in incarceration, may nevertheless so defend the proceeding as to require that every element of the case be established.

*See also* Rule 3.3, *Rules of Professional Conduct,* 5 O.S.2001, ch. 1 app. 3–A (establishing attorney's duty of candor before tribunals).

**10.** *Pratt,* ¶¶ 3–4, 816 P.2d at 1150–51 *citing* 22 O.S.1981, § 1053.1 (statute requiring automatic appeal of final judgment that declares an act of the State Legislature unconstitutional).

**11.** In relevant part, Section 2006(B) of the Oklahoma Pleading Code then provided:

B. ENLARGEMENT. When by this title or by a notice given thereunder by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at anytime in its discretion:

. . . .

2. Upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of *excusable neglect;* but it may not extend the time for taking any action under Sections 653, 655, 698, 990, 1031.1, 1032 and 1038 of Title 12 of the Oklahoma Statutes, except to the extent and under the conditions stated in those sections.

12 O.S.Supp.1985, § 2006(B) (emphasis added).

**12.** Subsection (2) of 12 O.S.Supp.1985, § 2006(B), listed Section 990 of Title 12 as containing one of the deadlines that could not be extended by reason of excusable neglect. Section 990 fixed the deadline for commencing an appeal within the Oklahoma Supreme Court. 12 O.S.1981, § 990.

the District Court of Bryan County, Case No. CF–97–272, is **DISMISSED.**

¶ 17 **IT IS THE FURTHER ORDER OF THIS COURT** that the Oklahoma Indigent Defense System is hereby relieved from further responsibility of representing Appellant on appeal from the revocation order in CF–97–272, until such time as there has been compliance with 22 O.S.2001, § 1363, and OIDS appointed in the manner provided by law.

¶ 18 **IT IS SO ORDERED.**

¶ 19 **WITNESS OUR HANDS AND THE SEAL OF THIS COURT** this 10th day of October, 2003.

/s/ Steve Lile
STEVE LILE, Vice Presiding Judge
/s/ Gary L. Lumpkin
GARY L. LUMPKIN, Judge
/s/ Charles S. Chapel
CHARLES S. CHAPEL, Judge
/s/ Reta M. Strubhar
RETA M. STRUBHAR, Judge