OSCN Found Document:THOMAS v. STATE

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 THOMAS v. STATE
2024 OK CR 15
Case Number: C-2023-725
Decided: 05/30/2024
DONALD WAYNE THOMAS, JR., Petitioner v. THE STATE OF OKLAHOMA, Respondent.

Cite as: 2024 OK CR 15, __ __

 

 

OPINION DENYING WRIT OF CERTIORARI

LEWIS, JUDGE:

¶1 Donald Wayne Thomas, Jr., Petitioner, pled guilty to unauthorized use of a motor vehicle, in violation of 47 O.S.2021, § 4-102, in the District Court of Oklahoma County, Case No. CF-2022-4725. The Honorable Jason Glidewell, Special Judge, accepted the plea and assessed punishment of four years imprisonment, suspended. Petitioner filed a written request to withdraw the plea, which the trial court denied. Petitioner seeks the writ of certiorari.

FACTS

¶2 Petitioner pled guilty on July 11, 2023, and was sentenced the same day. Thirteen days later, Petitioner returned to court and indicated to plea counsel that he wanted to withdraw the plea. Plea counsel assisted Petitioner in filing a written request to withdraw the plea, which Petitioner signed himself. The request alleged that his plea was coerced and thus involuntary. The docket sheet reflects that Petitioner appeared before the court with plea counsel that same day and the request was set for hearing.

¶3 New counsel was assigned to present Petitioner's motion. The trial court heard the request in an untranscribed and unrecorded proceeding on August 22, 2023. That hearing is described by prosecution and defense counsel in affidavits attached to Petitioner's motion to supplement the record on appeal (see the discussion of this motion below). According to these affidavits, Petitioner testified that he believed his motion to withdraw the guilty plea was due within ten business days. It was filed nine business days, but thirteen days, after the pronouncement of judgment and sentence. The trial court deemed the request untimely and denied it after the hearing.

ANALYSIS

¶4 In his sole proposition of error, Petitioner argues that the trial court abused its discretion in denying his motion to withdraw the plea as untimely and not allowing evidence that he entered his plea under duress, threat, and coercion. We ordinarily review such a ruling for an abuse of discretion, Carpenter v. State, 1996 OK CR 56, ¶ 40, 929 P.2d 988, 998, which is a clearly erroneous conclusion and judgment, one that is contrary to the logic and effect of the facts presented. Neloms v. State, 2012 OK CR 7, ¶ 35, 274 P.3d 161, 170.

¶5 Rule 4.2(A), Rules of the Court of Criminal Appeals, Title 22 O.S., Ch. 18, App. (2024) provides the time limitation for commencing a certiorari appeal from conviction on a guilty plea:

In all cases, to appeal from any conviction on a plea of guilty or nolo contendere, the defendant must have filed in the trial court clerk's office an application to withdraw the plea within ten (10) days from the date of the pronouncement of the Judgment and Sentence, setting forth in detail the grounds for the withdrawal of the plea and requesting an evidentiary hearing in the trial court. (Emphasis added).

¶6 "No matter may be raised in the petition for a writ of certiorari unless the same has been raised in the application to withdraw the plea." Rule 4.2(B). The failure to present a timely motion to withdraw the plea results in waiver of the right to appeal. See Barnes v. District Court, 1967 OK CR 19, ¶ 5, 423 P.2d 892, 895 (pro se defendant who failed to timely seek to withdraw his plea waived the right to appeal). However, a defendant who has been denied an appeal through no fault of their own may seek an appeal out of time by applying for post-conviction relief in the trial court. See Rule 2.1.

¶7 Counsel acknowledges that Petitioner was properly informed of the ten day rule and filed his motion outside the ten day period, believing he had ten business days. Counsel points out that Petitioner signed the request to withdraw the plea himself and thus nominally pro se. His status as an honestly mistaken pro se litigant is the principal rationale offered for liberalizing the ten day rule in his case. Of course, Petitioner was not pro se in the ten day period. See Randall v. State, 1993 OK CR 47, ¶ 3, 861 P.2d 314, 315 (right to counsel includes the ten day period for filing a notice of intent to appeal). He returned to court after thirteen days and contacted plea counsel, who immediately assisted him in requesting to withdraw the plea. He does not claim that he sought to confirm his beliefs about the time limit or indicated to counsel any wish to withdraw the plea within the ten days allowed by law.

¶8 Despite counsel's argument that we should accommodate his mistaken beliefs as a pro se litigant, this Court has also enforced time limitations of this kind against those acting pro se. See Barnes, supra; Burnham v. State, 2002 OK CR 6, ¶ 9, 43 P.3d 387, 390 (pro se defendant's failure to file notice of appeal was jurisdictional and resulted in dismissal of appeal). Petitioner does not seek an appeal out of time, seeming to tacitly acknowledge that he was not without fault in the delayed filing. Because Petitioner was not free from fault, the trial court cannot have abused its discretion in denying his untimely request. Petitioner waived his right to appeal. His motion to withdraw the plea was therefore properly denied.

¶9 As noted above, pursuant to Rule 2.2(C), appellate counsel has provided affidavits from two defense attorneys and the prosecutor describing what transpired at the untranscribed and unrecorded hearing on the motion to withdraw the plea. Counsel for Petitioner has moved to supplement the record pursuant to Rule 3.11(A) with these affidavits, arguing they are necessary to the resolution of the issues raised on appeal.

¶10 Rule 2.2(C) provides the following procedure for creating an official record of an untranscribed and unrecorded hearing:

If no transcript has been previously prepared and no tape recording is available for any portion of the trial proceedings, the trial attorneys may stipulate or submit affidavits as to what transpired during the proceeding not transcribed or recorded. The trial judge shall enter an order adjudicating any matters upon which the attorneys cannot agree regarding what transpired during the unrecorded or untranscribed proceedings.

¶11 We take this opportunity to discuss the operation of Rule 2.2(C) and its relationship to Rule 3.11. We now hold that Rule 2.2(C) contemplates a proceeding in which counsel must appear before the trial court to offer their stipulations or affidavits (the rule logically would permit live testimony as well) about what transpired in an untranscribed and unrecorded proceeding. The trial court should then enter an order either adopting those statements as the official record of the proceeding or adjudicating any disputed matters recalled about the proceeding on which counsel cannot agree.

¶12 In most cases, the necessity for reconstructing an official record of an untranscribed and unrecorded proceeding should be apparent in the ninety days (or six months in capital cases) between the filing of a notice of appeal and designation of record and the clerk's completion of the original record so designated. See Rule 2.3 (setting time limits for completion of record). The hearing before the trial court should occur during this period and the reconstructed proceeding will be assembled by the clerk and transmitted to this Court with the original record.

¶13 In cases where an untranscribed and unrecorded proceeding has been reconstructed by resort to Rule 2.2(C) after the original record on appeal is transmitted to this Court, appellate counsel may file a motion to supplement the record on appeal under Rule 3.11 with the official record thus created under Rule 2.2(C). We will not ordinarily allow supplementation of the record on appeal under Rule 3.11 with attorney affidavits or stipulations submitted directly by appellate counsel without the adjudicative oversight of the trial court contemplated by Rule 2.2(C).

¶14 We compliment the diligence of appellate counsel and the cooperation of the trial attorneys in presenting these affidavits and attempting to comply with Rule 2.2(C). In this case, we can readily determine the date of the pronouncement of judgment and sentence, the filing of the untimely request to withdraw the plea, and other pertinent facts from the appearance docket and the original record. Because the materials submitted by counsel to reconstruct this proceeding are unnecessary to the resolution of this appeal, neither supplementation of the record on appeal nor remand to trial court for further proceedings under Rule 2.2(C) is required. The motion to supplement the record is DENIED.

 

DECISION

¶15 The writ of certiorari is DENIED. Pursuant to Rule 3.15, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch.18, App. (2024), the MANDATE is ORDERED issued upon the delivery and filing of this decision.

APPEAL FROM THE DISTRICT COURT OF OKLAHOMA COUNTY
THE HONORABLE JASON GLIDEWELL, SPECIAL JUDGE

 

 
 
 
 APPEARANCES AT TRIAL
 
 
 APPEARANCES ON APPEAL
 
 
 
 
 MICAH SIELERT
 (PLEA)
 EMILY GROSSNICKLAUS
 (WITHDRAWAL)
 320 ROBERT S. KERR, STE. 611
 OKLAHOMA CITY, OK 73102
 ATTORNEYS FOR DEFENDANT
 
 
 MARVA BANKS
 320 ROBERT S. KERR, STE. 400
 OKLAHOMA CITY, OK 73102
 ATTORNEY FOR PETITIONER
 
 
 
 
 SARAH TODD
 ASST. DISTRICT ATTORNEY
 320 ROBERT S. KERR, STE. 505
 OKLAHOMA CITY, OK 73102
 ATTORNEY FOR THE STATE
 
 
 NO RESPONSE NECESSARY
 
 
 

 

 

OPINION BY: LEWIS, J.
ROWLAND, P.J.: Concur
MUSSEMAN, V.P.J.: Concur
LUMPKIN, J.: Specially Concur
HUDSON, J.: Concur

 

 

 

LUMPKIN, JUDGE: SPECIALLY CONCURRING

¶1 I join in this opinion and compliment my colleague for setting out the guidance needed for attorneys practicing before this Court. The rules of this Court are clear and attorneys or pro se litigants must become familiar with the rules before attempting to practice before this Court.

¶2 It is elementary and very basic that this Court only considers those items and testimony which are part of the record made in the trial court. The record on appeal is formed only from what is certified and submitted to this Court by the clerk of the district court from which the case arises. No ex parte filings or documents, etc., can be made a part of the record on appeal by way of filing those items with this Court in the first instance. A complete reading of this Court's rules makes this point.

¶3 As explained in Meyer v. Engle, 2016 OK CR 1, 369 P.3d 37, under the Oklahoma Constitution, this Court has exclusive appellate jurisdiction in all criminal cases appealed from the district courts and it has sole and complete power to adopt rules of appellate procedure in aid of its jurisdiction. Meyer, 2016 OK CR 1, ¶¶ 6-8, 369 P.3d at 38-40. By statute, specifically, 22 O.S.Supp.2022, § 1051(B), rules of this Court have the force and effect of statutes.

¶4 Computation of time in appellate practice in criminal cases is different from that in civil cases. For example, 12 O.S.2021, § 2006(A), provides that all time computations in civil cases are based upon business days. However, in criminal cases time is computed based upon the calendar day method. Meyer, 2016 OK CR 1, ¶ 11, 369 P.3d at 40. See also 22 O.S.Supp.2021, §§ 982a, 812.1, 953, 1054, 1087, 1089(D)(1) and 1089.2.

¶5 Attorneys and pro se litigants are responsible for understanding the rules of this Court, especially those which establish time limits, and waiver of claims not properly presented to the Court. See Rules 1.4, 3.5, 4.2, and 4.3, Rules of the Oklahoma Court of Criminal Appeals, Title 22, Ch. 18, App. (2024). This opinion serves a two-fold purpose. First, reminding litigants that our rules have the force and effect of statutes. Second, explaining jurisdictional waiver and pointing out the need for all litigants to understand the appellate process as set out in our rules.

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Criminal Appeals Cases

 
Cite
Name
Level

 
1993 OK CR 47, 861 P.2d 314, 
RANDALL v. STATE
Discussed

 
1996 OK CR 56, 929 P.2d 988, 
Carpenter v. State
Discussed

 
2002 OK CR 6, 43 P.3d 387, 73 OBJ 585, 
BURNHAM v. STATE
Discussed

 
2012 OK CR 7, 274 P.3d 161, 
NELOMS v. STATE
Discussed

 
2016 OK CR 1, 369 P.3d 37, 
MEYER v. ENGLE
Discussed at Length

 
1967 OK CR 19, 423 P.2d 892, 
BARNES v. DISTRICT COURT OF GARVIN COUNTY
Discussed

Title 12. Civil Procedure

 
Cite
Name
Level

 
12 O.S. 2006, 
Time
Cited

Title 22. Criminal Procedure

 
Cite
Name
Level

 
22 O.S. 982a, 
Modification of Sentence - Time Limitation - Applicability - Report - Notice and Hearing - Appeal
Cited

 
22 O.S. 1051, 
Right of Appeal - Review - Corrective Jurisdiction - Procedure - Scope of Review on Certiorari - Right to Appeal Denial of Immunity from Prosecution
Cited

Title 47. Motor Vehicles

 
Cite
Name
Level

 
47 O.S. 4-102, 
Unauthorized Use of Vehicle or Implement of Husbandry
Cited

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA